**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LORENZO ANTHONY,

        Plaintiff,                               Case Number: 2:08-CV-11435

v.                                                      HONORABLE AVERN COHN

KEITH GRANSDEN,

        Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Lorenzo Anthony (Plaintiff), a state inmate proceeding pro se and in forma pauperis, filed a complaint claiming violation of his constitutional rights. The Court dismissed the complaint under 28 U.S.C. § 1915(e)(2) because his federal claims failed to state a claim upon which relief may be granted. The Court dismissed plaintiff's state law claim without prejudice. See Order of Summary Dismissal, filed April 10, 2008.

Before the Court is plaintiff's motion styled "Motion for Relief from Judgment/Order of Summary Dismissal." For the reasons that follow, the motion is DENIED.

II.

Plaintiff cites Fed. R. Civ. P. 60(a) in support. Rule 60(a) provides for the correction of clerical mistakes, oversights or omissions. Plaintiff, however, is challenging the substance of the Court's decision dismissing his complaint, not a

clerical mistake or oversight. As such, his motion is more properly construed as a motion for reconsideration.

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

III.

Plaintiff fails to satisfy this standard. As explained in the Order of Summary Dismissal, plaintiff's complaint arose out of an incident that allegedly occurred on February 4, 2007, while he was incarcerated at the Standish Maximum Correctional Facility in Standish, Michigan. Plaintiff alleged that, on that date, defendant Keith Gransden touched his buttocks. The Court explained how Gransden's actions failed to rise to the level of a violation of the Eighth Amendment or due process.

Plaintiff's motion takes issue only with the dismissal of his due process claim. Plaintiff fails to convince the Court that the Order of Summary Dismissal was in error. Despite plaintiff's contention to the contrary, the factual allegations do not rise to the level of shocking the conscience necessary to state a due process claim.

SO ORDERED.

Dated: May 7, 2008
       s/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Lorenzo Anthony, 247064, Marquette Branch Prison, 1960 U.S. Hwy 41 South Marquette, MI 49855 on this date, May 7, 2008, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5160